# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

REVITALIZING AUTO COMMUNITIES
ENVIRONMENTAL RESPONSE TRUST, et al.,

      Plaintiffs,

   v.

NATIONAL GRID USA, et al.,

      Defendants.

Case No. 5:18-cv-1267-DNH-ATB

## STATUS REPORT OF CERTAIN DEFENDANTS

This status report is filed on behalf of defendants Bristol-Myers Squibb Company, Jagar Enterprises, Inc., Lennox Industries Inc., Thompson Corners LLC,  6181 Thompson Road LLC, Thompson NW, LLC, and Thompson Lawn, LLC (collectively, "Certain Defendants").[1]  Certain Defendants request that the Court allow and decide motions to dismiss the Amended Complaint (Document 157) pursuant to FRCP 12 before any discovery begins because the Amended Complaint is defective on its face for at least three reasons.

    1.  *Statute of Limitations*

The contribution claims asserted by RACER under Section 113(f) of CERCLA (42 U.S.C. § 9613(f)) are at least four years too late.  The Trust Consent Decree defined and discussed in Paragraphs 9 and 20 of the Amended Complaint is "a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA" to resolve claims by EPA and NYSDEC for cleanup costs and future cleanup work related to the Inland Fisher Guide ("IFG") property and the GM IFG Subsite (as defined in Paragraph 2 of the Amended Complaint).  *See* Trust Consent Decree ¶ 105.  Contribution actions under

---

[1] Certain Defendants also incorporate by reference the Status Reports filed by other defendants to the extent applicable to Certain Defendants.

Section 113 of CERCLA (42 U.S.C. § 9613) have to be initiated within three years after the date of judgment in any action under CERCLA. *Asarco LLC v. Goodwin*, 756 F.3d 191 (2d Cir. 2014). The Trust Consent Decree became effective on March 29, 2011. Amended Complaint ¶¶ 9 and 20. RACER's contribution claims expired in 2014, three years after the effective date of the Trust Consent Decree.

RACER cannot assert an independent cost recovery action under Section 107 of CERCLA (42 U.S.C. § 9607(a)) because the contribution provisions in Section 113 provide the exclusive route for recovery under CERCLA by a plaintiff like RACER that has already been a party to a CERCLA settlement. *Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112 (2d Cir. 2010). Even if RACER could theoretically assert an independent CERCLA claim for direct cost recovery under Section 107, it would be too late by over 11 years. Direct cost recovery actions have to be initiated within six years after initiation of physical on-site construction of the remedial action. Construction of the remedy at the GM IFG Subsite was occurring by 2001. Amended Complaint ¶ 117.

Similarly, as to the claims under the Navigation Law, negligence, public nuisance, and restitution, Plaintiffs claims are barred by the applicable statute of limitations as work began approximately 18 years ago. *See*, N.Y. C.P.L.R. § 214(4) (three-year limitation on property damage); N.Y. C.P.L.R. § 214-c (three-year limitation on property damage beginning from the date of discovery); N.Y. C.P.L.R. § 213(1) (six-year limitation for actions with no specifically prescribed limitation). *See also State v. Speonk Fuel Inc.*, 3 N.Y.3d 720, 786 N.Y.S.2d 375, 819 N.E.2d 991 (2004) (Navigation Law claims by state accrue on date of payment by state); *State v. Stewart's Ice Cream Co.*, 64 N.Y.2d 83, 473 N.E.2d 1184, 484 N.Y.S.2d 810 (1984) (six-year statute of limitations for claims by state for cost recovery under Navigation Law).

2. *Lack of Jurisdiction and Failure To Join Necessary Parties*

The Trust Consent Decree establishes that both EPA and NYSDEC agreed that the funding for the GM IFG Subsite was sufficient "to settle, compromise and resolve their disputes relating to the" GM IFG Subsite.  Trust Consent Decree at p. 5; s*ee also id*. ¶ 60 (presumption against reducing funding allocated to a site because of reliance by governments on availability of those funds).   The bankruptcy court is the only court that has jurisdiction to adjudicate the real dispute at the heart of the Amended Complaint - the attempt by NYSDEC to seek additional funding from RACER by expanding the scope of the cleanup RACER is conducting at the GM IFG Subsite as described in Paragraphs 27-28 of the Amended Complaint.  Paragraph 39 of the Trust Consent Decree gives the bankruptcy court <u>exclusive</u> jurisdiction to resolve disputes about the adequacy of the funding for GM IFG Subsite cleanup work, and Paragraph 50 of the Trust Consent Decree allows NYSDEC to petition the bankruptcy court if NYSDEC concludes that the cleanup budget developed for the GM IFG Subsite by RACER is insufficient.   Although FRCP 19 requires NYSDEC to be joined as a party to any litigation about the scope and cost of the GM IFG Subsite cleanup, neither RACER nor NYSDEC has sought bankruptcy court review.  The covenant not to sue in Paragraph 99 of the Trust Consent Decree prohibits RACER from suing NYSDEC in this court.  The Amended Complaint should be dismissed because the joinder of a necessary party is impossible here.

3. *Insufficient Pleading*

Even if RACER can assert CERCLA contribution claims in this court at this time, the allegations against some defendants are not sufficient to establish liability under CERCLA.  For example, Paragraph 393 of the Amended Complaint alleges liability based on the presence of various petroleum tanks on property formerly owned by defendant Lennox Industries Inc.  This allegation is insufficient because

petroleum is specifically excluded from the universe of hazardous substances that can create liability under CERCLA.  42 U.S.C. § 9601(14).

To prevent an undue burden on Certain Defendants, the schedule adopted by the court should (i) allow defendants to file motions to dismiss pursuant to FRCP 12 and (ii) stay any other obligations, including discovery obligations, until after the motions to dismiss are decided.  The following proposed schedule implements this approach:

| DEADLINE | ITEM |
|---|---|
| 60 Days after status conference | Motion(s) to Dismiss filed along with supporting briefs |
| 60 Days after Motions to Dismiss | Plaintiffs file response(s) |
| 30 Days after Responses | Defendants file reply(ies) |
| 60 Days after final decision on Motions to Dismiss | Parties file proposed discovery schedule(s) for any remaining claims |

Dated: May 15, 2019

JONES DAY

By: */s/ Charles T. Wehland*

Charles T. Wehland
Michael J. Cohen
77 West Wacker Drive
Chicago, IL 60601-1692
Tel: (312) 782-3939
Email:  ctwehland@jonesday.com

*Attorney for Defendant*
*Lennox Industries Inc.*

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Glen R. Stuart*

Glen R. Stuart
Adina D. Bingham
1701 Market Street
Philadelphia, Pennsylvania 19103
Tel: (215) 963-5000

*Attorneys for Defendant*
*Bristol-Myers Squibb Company*

RUPP BAASE PFALZGRAF
CUNNINGHAM LLC

*/s/ Linda E. Alario*                    By: */s/ John T. Kolaga*

Linda E. Alario                          John T. Kolaga
203 Jasper St.                           1600 Liberty Building
Syracuse, NY 13203                       Buffalo, NY 14202
Tel: (315) 447-3442                      Tel: (716) 854-3400 ext. 239
Email:  lindaealario@twc.com             Email:  Kolaga@ruppbaase.com

*Attorney for Defendant*                 *Attorney for Defendants*
*Jagar Enterprises, Inc.*                *Thompson Corners LLC,*
                                         *6181 Thompson Road LLC,*
                                         *Thompson NW, LLC, and Thompson Lawn,*
                                         *LLC*

## CERTIFICATE OF SERVICE

I, Charles T. Wehland, certify that on May 15, 2019, I caused the foregoing STATUS REPORT OF CERTAIN DEFENDANTS to be filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system.

*/s/ Charles T. Wehland*
Charles T. Wehland