August 22, 2019

**VIA CM/ECF**
Honorable Andrew Baxter
U.S. Magistrate Judge
United States District Court
Northern District of New York
James M. Hanley Federal Building & U.S. Courthouse
100 S. Clinton Street
Syracuse, NY 13261

   Re: Filing Defendants' Proposed Briefing Schedule and Stay of Discovery
      <u>RACER Trust et al. v. National Grid, et al.; Case No. 5:18-cv-01267-DNH-ATB</u>

Dear Judge Baxter:

  In response to the Court's August 1 order (Dkt No. 206), the 33 defendants ("Filing Defendants") listed at the end of this letter brief respectfully ask the Court to adopt a schedule that allows for a decision on planned motions to dismiss the Amended Complaint before the stay of discovery is lifted and to deny the Plaintiffs' request to conduct sampling at this time. This letter brief addresses the "first round of motions to dismiss" contemplated by the August 1 order. Each Filing Defendant also reserves the right to bring a Rule 12(b) motion with respect to the specific claims against it after a decision on the first round of motions to dismiss, if appropriate.

<u>Motion to Dismiss</u>

  Fact discovery should not proceed before a decision on the planned motions to dismiss the Amended Complaint that will be based on jurisdictional issues and the Plaintiffs' failure to state timely and adequately pled claims with all of the necessary parties to a complete adjudication. The main grounds for the first round of motions to dismiss are addressed below.

  1. <u>Statute of Limitations</u>

  The Revitalizing Auto Communities Environmental Response Trust and RACER Properties LLC (collectively "RACER") cannot assert a timely cost recovery claim under Section 107 of CERCLA, 42 U.S.C. §9607. These actions must be commenced "within 6 years after initiation of physical on-site construction of the remedial action." (42 U.S.C. § 9613(g)(2)). Here, the physical on-site construction of the remedy commenced by no later than 2004, meaning that the statute of limitations expired by 2010 at the latest—eight years before this action was filed. (*See* Amended Complaint ("AC"), Dkt No. 157 ¶ 130).

  Contribution claims by RACER under Section 113 of CERCLA, 42 U.S.C. § 9613, also are time-barred. "No action for contribution for any response costs or damages may be commenced more than 3 years after the date of judgment in any action under this chapter for recovery of such costs or damages." (42 U.S.C. § 9613(g)(3)). In this case, the date of judgment is the date that the Environmental Response Trust Consent Decree and Settlement Agreement[1]

---

[1] The Trust Consent Decree can be accessed on-line via the RACER Trust website at: http://www.racertrust.org/files/RACERTrustFinalSettlementAgreement.pdf

("Trust Consent Decree" or "TCD") became effective—March 29, 2011—well over three years prior to the filing of the initial complaint in 2018. (AC ¶ 9).

RACER cannot assert that its time-barred claims are somehow resurrected by subsequent developments such as the 2015 Consent Order attached as Exhibit C to the Amended Complaint. Sections 107 and 113 of CERCLA are mutually exclusive remedies. *U.S. v. Atlantic Research Corp.*, 551 U.S. 128, 138-39 (2007). In the Second Circuit, only one remedy per site is allowed. *N.Y. State Elec. & Gas Corp. v. FirstEnergy Corp.*, 766 F.3d 212, 235-236 (2d Cir. 2014) ("One Site-One Remedy" rule). Applying those rules here, all of RACER's claims were time-barred by no later than 2010 when it lost the ability to assert its CERCLA §107 cost recovery action.

RACER's state law claims suffer from the same timeliness defects as described in the Status Report of Defendants General Electric Company and Lockheed Martin Corporation (Doc. 165) and the Status Report of Certain Defendants (Doc. 164).

2. <u>Failure to State a Valid Contribution Claim</u>

RACER can only state a contribution claim under CERCLA if it pays more than the fair share of liability attributable to General Motors ("GM") at the GM-IFG Syracuse Site (as defined in the Trust Consent Decree). *Asarco, LLC v. Union Pac. R.R. Co.,* No. 2:12-cv-00283-EJL, 2018 U.S. Dist. LEXIS 126370 at *24 (D. Idaho July 26, 2018) (contribution complaint for cleanup costs dismissed because debtor in bankruptcy settlement did not overpay). RACER has no authority to spend more than GM's share of the remediation liability for the GM-IFG Syracuse Site without first returning to the United States Bankruptcy Court. (TCD ¶¶ 39, 102). As such, RACER cannot present a valid contribution claim without Bankruptcy Court authorization to spend more than GM's fair share of liability.

The Trust Consent Decree settled GM's responsibility for the GM-IFG Syracuse Site by establishing funding for its cleanup. The Trust Consent Decree resolves the Proof of Claim filed by the New York Department of Environmental Conservation ("DEC") for the costs of remediation of Operable Unit 2 ("OU-2") of the GM-IFG Syracuse Site. (TCD ¶ 30; AC ¶ 27-32). The Trust Consent Decree formed RACER as the vehicle for spending these remediation settlement funds on OU-2, among other defined "Properties." By definition, the available remediation settlement funds represent GM's minimum fair share of OU-2 cleanup responsibility, and RACER has no right to contribution until RACER has spent more than the available remediation settlement funds, which it is prohibited from doing by the Trust Consent Decree without approval of the Bankruptcy Court.

The funding for the remediation of OU-2 was set at $8.5 million, an amount that was deemed adequate by DEC and the Bankruptcy Court to address GM's liability for OU-2 (AC ¶¶ 31-33, 37). DEC is now allegedly demanding that RACER expand the OU-2 remedy at a cost of up to $93.5 million, a ten-fold increase in the costs. (AC ¶ 32). Neither the Court nor Filing Defendants can confirm this allegation because DEC has not ordered RACER to take any action beyond what is required by the Trust Consent Decree. RACER merely alleges that such action was requested in recent negotiations with DEC, not that RACER has been ordered to perform, entered into an agreement with DEC to perform or actually initiated such action. (AC ¶ 36).

The Trust Consent Decree recognized that the funding specifically allocated to some sites might ultimately prove inadequate and established a "cushion funding" account for those

instances, but cushion funding can only be obtained with Bankruptcy Court approval. Specifically, the Bankruptcy Court can decide to increase funding "based on material information, a material event, or a material condition on the property that was not reasonably foreseeable *at the time the Lead Agency…participated in the development of the funding with respect to the Property*." (TCD ¶50) (emphasis added).  RACER nonetheless asserts that its funding is insufficient.  (AC ¶ 41).   Only the Bankruptcy Court can decide if this is true.

3. Failure to Join Necessary Parties

The Amended Complaint focuses "on land predominantly owned by New York State" and DEC's requests for additional cleanup on this state-owned land, yet the State of New York is not a party to this action.  (AC ¶¶ 7, 28-29, 32-33, 36, 38).  RACER also complains that the dredging of Ley Creek by Onondaga County significantly contributed to the alleged contamination, but RACER failed to make Onondaga County a party to the action.  (AC ¶¶ 10, 28, 35, 103-106, 399-403).  EPLET, LLC also is not a party even though, as the Administrative Trustee for RACER, it is the party empowered "to prosecute and defend lawsuits or administrative actions or proceedings *on behalf of* [RACER]."  (Environmental Response Trust Agreement[2] ¶ 4.3.10) (emphasis added).

Any decision in this matter could, "as a practical matter impair or impede" the ability of these entities to protect their interests.  Fed. R. Civ. P. 19(a).  For example, the determination whether the cleanup budget for the site established by the Trust Consent Decree is insufficient is a determination that affects the rights of the State of New York, DEC and EPLET (and can only be made by the Bankruptcy Court).  *Vision En Analisis Y Estrategia, S.A. v. Andersen*, 662 F. App'x 29 (2d Cir. 2016) (case dismissed where absent parties' interests would be practically impeded).  Plaintiffs' failure to join several necessary and indispensable parties therefore also warrants dismissal of the Amended Complaint.

4. Proposed Schedule

To prevent an undue burden on Filing Defendants, the schedule adopted by the Court should (i) allow defendants to file a first round of motions to dismiss pursuant to Rule 12 and (ii) stay any other obligations, including the preliminary discovery, site inspections, sampling, and testing proposed by Plaintiffs, until after the motions to dismiss are decided.  The following proposed schedule for the first round of motions to dismiss implements this approach:

| DEADLINE | ITEM |
| --- | --- |
| Nov. 4, 2019 | Motion(s) to Dismiss filed along with supporting briefs |
| Jan. 6, 2020 | Plaintiffs file response(s) |
| Feb. 5, 2020 | Defendants file reply(ies) |
| 60 days after final decision on Motions to Dismiss | Parties file proposed schedule(s) for Rule 12(b) motions, if any, on specific allegations against particular defendants and/or case management schedule(s) as appropriate for any remaining claims |

---

[2] The Environmental Response Trust Agreement can be accessed on-line via the RACER Trust website at: https://www.racertrust.org/files/RACERTrust%20FINAL%20Trust%20Agreement.pdf.

Stay of Sampling and Discovery

Plaintiffs seek permission to perform sediment and soil sampling in upstream and downstream locations of Ley Creek (including its former pathway and channels) and its tributaries, on property owned by defendants as well as properties of non-parties that RACER chose not to name in this action (i.e., the State and County). *See* Dkt No. 205. The Court should keep the stay of all fact discovery in effect until there is a decision on the first round of motions to dismiss. The preceding summary of the main grounds for the planned motions to dismiss demonstrates that (*inter alia*) this action was brought before RACER has any ability to pay more than GM's share of OU-2 remediation but too long after remediation of the GM-IFG Syracuse Site began and without all necessary parties. Filing Defendants should not be required to spend the significant time and resources needed to respond to fact discovery in these circumstances. *Phipps v. Gillani*, Civil Action No. 9:10-CV-1588, 2012 U.S. Dist. LEXIS 10876 at *23-24 (N.D.N.Y. Jan. 5, 2012) (discovery stayed during motion to dismiss).

In particular, Plaintiffs' request to use Rule 34 to implement a costly and expansive sampling program should be rejected outright. Only the Bankruptcy Court can approve sampling outside the OU-2 area as originally defined in the Trust Consent Decree. RACER should not be wasting its allegedly insufficient remediation funds on acts that may ultimately be deemed *ultra vires* and/or unauthorized by the Bankruptcy Court.

The cases cited by Plaintiffs do not require a different result. In *Wehrle*, the Plaintiff's request to conduct Rule 34 testing was made within the time for fact discovery established by the court, not prior to the filing of a motion to dismiss. *US v. Wehrle*, 2010 WL 1708528 at *2 (W.D.N.Y April 27, 2010). *Teer* does not address the appropriate time in which Rule 34 discovery can be taken. *Teer v. Law Engineering*, 176 F.R.D. 206 (E.D.N.C. 1997) (denying a motion to allow Defendant's experts to observe Plaintiff's expert's testing on Plaintiff's property). *Martin* allowed testing prior to the start of litigation so that a likely *defendant* could test cattle that the prospective *plaintiff* already tested and then sought to dispose. *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 52 (9th Cir. 1961).

RACER does not need to conduct environmental sampling this year to preserve data. To the extent Filing Defendants have any sampling data that are not already a public record at DEC or EPA, Filing Defendants are aware of their obligation to preserve such information pending the initiation of discovery. There is no suggestion by RACER that the environmental conditions at the proposed sampling locations will change materially if it waits until after a decision on the first round of motions to dismiss.

Moreover, if the Filing Defendants are required to comment substantively on RACER's expansive sampling proposal, they will be forced to incur significant costs to retain technical experts to determine if it is reasonably designed to provide relevant data. For example, the mere presence of substances at the upstream sampling locations does not by itself establish any nexus to the OU-2 contamination. Filing Defendants reserve the right to submit substantive comments on RACER's sampling proposal to the Court at a later date in the event this Court allows Plaintiffs to proceed.

Filing Defendants who own the relevant properties will also be forced to negotiate access agreements and incur the substantial costs associated with analyzing split samples in

coordination with other Filing Defendants who may be prior owners or operators of the same property. Similarly, Filing Defendants who are prior owners of the relevant properties may be forced to negotiate access agreements with current owners of such properties who may have no relationship with the current proceeding and also to incur the substantial costs associated with analyzing split samples with such parties.

These burdens and costs should not be imposed on the Filing Defendants at this stage of the proceedings given the significant questions to be raised in the motions to dismiss. Undue burden and expense provide sufficient cause to use Rule 26(c) to stay this effort until the motions to dismiss are decided. *Phipps*, 2012 U.S. Dist. LEXIS 10876 at *23-24. In some cases, the sampling proposed by Plaintiffs also may be duplicative of sampling data that already exist at a particular location. In those instances, Filing Defendants may incur additional burdens in evaluating whether Plaintiffs' sampling proposal is adequately justified. *See, e.g.*, *Wehrle*, 2010 WL 17085028, at *1.

Plaintiffs' suggestion that sampling should be expedited to occur later this year rings especially hollow because their own actions have delayed the filing of motions to dismiss. Plaintiffs waited one day short of three years after the October 27, 2015 Consent Order to bring this action. Then, after the filing of their original complaint in October 2018, they immediately suggested and then stipulated that responses would be delayed until April 2019. Plaintiffs then filed the Amended Complaint that resulted in the response deadline being further extended until after the status conference scheduled for September 4.

Meanwhile, the Plaintiffs have not responded to informal requests from the Filing Defendants for public documents that would help establish the basis for the complaint such as (1) documents from DEC ordering or directing RACER to expand the OU-2 cleanup and (2) annual budget submittals to DEC required by the Trust Consent Decree. The Plaintiffs also have not responded to at least some requests for voluntary dismissal submitted by certain of the Filing Defendants.

For the reasons identified in this Letter Brief, Filing Defendants respectfully ask the Court to adopt the proposed schedule for filing and briefing motion(s) to dismiss and to keep the stay of discovery in effect.[3]

                Respectfully Submitted,

                Counsel for Each of the Filing Defendants on
                the Attached List

---

[3] As suggested by the Court's August 1 order, Filing Defendants contacted counsel for the other parties for their views on the proposed briefing schedule and stay of discovery. Plaintiffs do not support the proposed briefing schedule, and Filing Defendants will confer with Plaintiffs about it prior to the status conference. Defendants Amparit Industries, LLC and ONX 1, LLC agree with the Filing Defendants' proposals. At this time, none of the other defendants who are not Filing Defendants have expressed a view.

**FILING DEFENDANTS**

| Defendant | Counsel of Record |
|---|---|
| **6181 Thompson Road, LLC**<br><br>**Thompson Corners, LLC**<br><br>**Thompson Lawn, LLC**<br><br>**Thompson NW, LLC** | **John T. Kolaga**<br>Rupp, Baase Law Firm - Buffalo Office<br>424 Main Street<br>1600 Liberty Building<br>Buffalo, NY 14202-3616<br>716-854-3400<br>716-332-0336 (fax)<br>kolaga@ruppbaase.com |
| **B&B Family Limited Partnership** | **Joseph R. Talarico, II**<br>Talarico Law Firm<br>6832 East Genesee Street<br>Fayetteville, NY 13066<br>315-416-8875<br>315-282-2777 (fax)<br>jrt@talaricolawfirm.net |
| **Bristol-Meyers Squibb Company** | **Adina D. Bingham**<br>Morgan, Lewis Law Firm - Philadelphia Office<br>1701 Market Street<br>Philadelphia, PA 19103<br>215-963-5901<br>adina.bingham@morganlewis.com<br><br>**Glen R. Stuart**<br>Morgan, Lewis Law Firm - Philadelphia Office<br>1701 Market Street<br>Philadelphia, PA 19103<br>215-963-5883<br>glen.stuart@morganlewis.com<br><br>**Bernard J. Garbutt, III**<br>Morgan, Lewis Law Firm<br>101 Park Avenue<br>New York, NY 10178<br>212-309-6000<br>Fax 212-309-6001 (fax)<br>bernard.garbutt@morganlewis.com |

| Defendant | Counsel of Record |
|---|---|
| **C & S Engineers, Inc.**<br><br>**Calocerinos and Spina** | **Paul D. Sylvestri**<br>Harter, Secrest Law Firm - Rochester Office<br>1600 Bausch & Lomb Place<br>Rochester, NY 14604-2711<br>585-232-6500<br>585-232-2152 (fax)<br>psylvestri@hselaw.com<br><br>**Peter H. Abdella**<br>Harter, Secrest Law Firm - Rochester Office<br>1600 Bausch & Lomb Place<br>Rochester, NY 14604-2711<br>585-232-6500<br>585-232-2152 (fax)<br>pabdella@hselaw.com |
| **Carlyle Air Conditioning Company Inc**<br><br>**Carrier Corporation**<br><br>**United Technologies Corporation** | **Elizabeth C. Barton**<br>Day, Pitney Law Firm - Hartford Office<br>242 Trumbull Street<br>Hartford, CT 06103<br>860-275-0371<br>860-275-0343 (fax)<br>ecbarton@daypitney.com<br><br>**Kaitlin A. Canty**<br>Day, Pitney Law Firm - Hartford Office<br>242 Trumbull Street<br>Hartford, CT 06103<br>860-275-0123<br>860-275-0343 (fax)<br>kcanty@daypitney.com<br><br>**Erick M. Sandler**<br>Day, Pitney Law Firm - Hartford Office<br>242 Trumbull Street<br>Hartford, CT 06103<br>860-275-0100<br>860-275-0343 (fax)<br>emsandler@daypitney.com |

| Defendant | Counsel of Record |
|---|---|
| **Carrier Circle Business Complex LLC**<br><br>**North Midler Properties LLC**<br><br>**Syracuse Lepage LLC** | **Michael A. Fogel**<br>Brown Duke & Fogel, P.C.<br>120 Madison Street, Suite 1620<br>Syracuse, NY 13202<br>315-399-4343<br>mfogel@bdflegal.com<br><br>**Patrick D. Donnelly**<br>Brown Duke & Fogel, P.C.<br>120 Madison Street, Suite 1620<br>Syracuse, NY 13202<br>315-399-4343<br>pdonnelly@bdflegal.com |
| **Gardner Denver, Inc.** | **Gary S. Bowitch**<br>Bowitch, Coffey Law Firm<br>17 Elk Street<br>Albany, NY 12207<br>518-813-9500<br>518-478-8800 (fax)<br>bowitch@bcalbany.com |
| **General Electric Company** | **Dean S. Sommer**<br>Young, Sommer Law Firm<br>Executive Woods<br>Five Palisades Drive<br>Albany, NY 12205<br>518-438-9907<br>518-438-9914 (fax)<br>dsommer@youngsommer.com<br><br>**Kristin Carter Rowe**<br>Young, Sommer Law Firm<br>Executive Woods<br>Five Palisades Drive<br>Albany, NY 12205<br>518-438-9907<br>518-438-9914 (fax)<br>krowe@youngsommer.com |

| Defendant | Counsel of Record |
|---|---|
| **Hauler's Facility LLC** | **Talarico Law Firm**<br>Joseph R. Talarico, II, of counsel<br>Edward A. O'Hara III Law Office<br>300 Crown Building<br>304 South Franklin Street<br>Syracuse, New York 13202<br>315-422-4742<br>315-478-6503 (Fax)<br>ward@eaohara.com<br>jrt@talaricolawfirl.net |
| **Jagar Enterprises, Inc.** | **Linda E. Alario**<br>203 Jasper St.<br>Syracuse, NY 13203<br>315-447-3442<br>lindaealario@twc.com |
| **Lennox Industries Inc.** | **Charles T Wehland**<br>Jones, Day Law Firm - Chicago Office<br>Suite 3500<br>77 West Wacker Drive<br>Chicago, IL 60601-1692<br>312-782-3939<br>ctwehland@jonesday.com<br><br>**Michael J. Cohen**<br>Jones, Day Law Firm - New York Office<br>250 Vesey Street<br>New York, NY 10281-1047<br>212-326-3873<br>mcohen@jonesday.com |

| Defendant | Counsel of Record |
|---|---|
| **Libbey Glass Inc.**<br><br>**Onondaga Pottery Company, Inc.**<br><br>**Syracuse China Company** | **Peter C. Trimarchi**<br>Nixon, Peabody Law Firm - Albany Office<br>677 Broadway<br>10th Floor<br>Albany, NY 12207<br>518-427-2671<br>855-769-4931 (fax)<br>ptrimarchi@nixonpeabody.com<br><br>**Andrew C. Rose**<br>Nixon, Peabody Law Firm - Albany Office<br>677 Broadway<br>10th Floor<br>Albany, NY 12207<br>518-427-2650<br>866-947-0449 (fax)<br>ACRose@nixonpeabody.com |
| **Lockheed Martin Corporation** | **Steven T. Miano**<br>Hangley Aronchick Segal Pudlin & Schiller<br>One Logan Square - 27th Floor<br>Philadelphia, PA 19103<br>215-496-7025<br>215-568-0300 (fax)<br>smiano@hangley.com<br><br>**Peter V Keays**<br>Hangley Aronchick Segal Pudlin & Schiller<br>One Logan Square - 27th Floor<br>Philadelphia, PA 19103<br>215-496-7034<br>215-568-0300 (fax)<br>pkeays@hangley.com<br><br>**Robert A. Wiygul**<br>Hangley Aronchick Segal Pudlin & Schiller<br>One Logan Square - 27th Floor<br>Philadelphia, PA 19103<br>215-496-7042<br>215-568-0300 (fax)<br>rwiygul@hangley.com |

| Defendant | Counsel of Record |
|---|---|

| Defendant | Counsel of Record |
|---|---|
| **Magna Powertrain USA, Inc.**<br><br>**New Process Gear, Inc.** | **John Joseph Kuster**<br>Sidley, Austin Law Firm - NY Office<br>787 Seventh Avenue<br>New York, NY 10019<br>212-839-7336<br>jkuster@sidley.com |
| **Metalico New York, Inc.**<br><br>**Metalico Syracuse Realty, Inc.** | **Albert J. Millus, Jr.**<br>Hinman, Howard Law Firm - Binghamton Office<br>P.O. Box 5250<br>80 Exchange Street<br>700 Security Mutual Building<br>Binghamton, NY 13902-5250<br>607-231-6724<br>amillus@hhk.com |
| **National Grid USA**<br><br>**Niagara Mohawk Power Corporation** | **Yvonne E. Hennessey**<br>Barclay Damon LLP - Albany Office<br>80 State Street<br>Albany, NY 12207<br>518-429-4293<br>518-427-3472 (fax)<br>yhennessey@barclaydamon.com |
| **Nokia of America Corporation**<br><br>**Western Electric Company, Incorporated** | **Meaghan G. Boyd**<br>Alston, Bird Law Firm - Atlanta Office<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, GA 30309-3424<br>404-881-7000<br>meaghan.boyd@alston.com<br><br>**Geoffrey Cook Rathgeber**<br>Alston, Bird Law Firm - Atlanta Office<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, GA 30309-3424<br>404-881-4974<br>geoff.rathgeber@alston.com |

| Defendant | Counsel of Record |
|---|---|
| | **David Venderbush**<br>Alston, Bird Law Firm - NY Office<br>90 Park Avenue<br>New York, NY 10016-0387<br>212-210-9532<br>212-210-9444 (fax)<br>david.venderbush@alston.com |
| **Syracuse Deere Road Associates, LLC** | **Gregory M. Brown**<br>Brown Duke & Fogel, P.C.<br>120 Madison Street, Suite 1620<br>Syracuse, NY 13202<br>315-399-4343<br>gbrown@bdflegal.com |
| **Telesector Resources Group, Inc** | **Philip H. Gitlen**<br>Whiteman Osterman & Hanna LLP<br>One Commerce Plaza<br>Suite 1900<br>Albany, NY 12260<br>518-487-7607<br>518-487-7777 (fax)<br>pgitlen@woh.com |