UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EPLET, LLC, not individually but solely in its representative capacity as Administrative Trustee of Revitalizing Auto Communities Environmental Response Trust, and RACER PROPERTIES LLC,<br><br>                      Plaintiffs,<br><br>vs.<br><br>NATIONAL GRID USA, et al.,<br><br>                      Defendants. | Civil Action No. 5:18-cv-01267-DNH-ML<br><br>**PLAINTIFFS' ANSWER TO DEFENDANT GENERAL ELECTRIC COMPANY'S COUNTERCLAIMS** |

EPLET, LLC ("EPLET"), not individually but solely in its representative capacity as Administrative Trustee for Revitalizing Auto Communities Environmental Response Trust ("RACER Trust"), and RACER Properties LLC ("RACER Properties") (collectively, "Plaintiffs"), by and through its attorneys, Preti, Flaherty, Beliveau & Pachios, Chartered, LLP, and Lynn, D'Elia, Temes & Stanczyk, makes this Reply and Affirmative Defenses to the Answer and Counterclaims (the "Counterclaims") of Defendant General Electric Company ("Defendant" or "GE"), and state as follows:

**AS AND FOR A RESPONSE TO GE's COUNTERCLAIMS**

1. Paragraph 1 contains allegations to which no response is required. To the extent a response is required, Plaintiffs deny knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of GE's Counterclaims.

2. Paragraph 2 contains a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation contained in Paragraph 2 of GE's Counterclaims.

3. Paragraph 3, which purports to assert that the Counterclaims arise out of the same transactions and occurrences that are the subject matter of the Second Amended Complaint (ECF No. 334) and that the Court has jurisdiction over the Counterclaims, alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of GE's Counterclaims.

4. Paragraph 4, which purports to assert the proper venue of the action, alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of GE's Counterclaims.

5. Paragraph 5, which purports to set forth the categories of persons potentially liable under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs state that CERCLA speaks for itself and deny, generally and specifically, each and every allegation contained in Paragraph 5 to the extent they are inconsistent with the statute and prevailing case law of GE's Counterclaims.

6. Paragraph 6, which purports to articulate a definition under CERCLA, alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs state that CERCLA speaks for itself and deny, generally and specifically, each and every allegation contained in Paragraph 6 to the extent they are inconsistent with the statute and prevailing case law.

7. Paragraph 7, which purports to articulate a definition under CERCLA, alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs state that

CERCLA speaks for itself and deny, generally and specifically, each and every allegation contained in Paragraph 7 to the extent they are inconsistent with the statute and prevailing case law.

8. Paragraph 8, which purports to articulate certain CERCLA provisions related to choice-of-law and the role federal courts are to play in allocating response costs, alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs state that CERCLA speaks for itself and deny, generally and specifically, each and every allegation contained in Paragraph 8 to the extent they are inconsistent with the statute and prevailing case law.

### AS AND FOR A RESPONSE TO THE FIRST COUNTERCLAIM AGAINST PLAINTIFFS FOR CERCLA CONTRIBUTION AND DECLARATORY JUDGMENT

9. In response to Paragraph 9 of GE's Counterclaims, Plaintiffs repeat and re-allege each of its responses to the allegations in the preceding paragraphs as though fully set forth herein.

10. Paragraph 10 purports to articulate the nature and legal bases for Plaintiffs' claims against GE as set forth in the Second Amended Complaint (ECF No. 334). Plaintiffs state that the Second Amended Complaint speaks for itself and deny, generally and specifically, each and every allegation contained in Paragraph 10 to the extent they are inconsistent with the claims asserted in the Second Amended Complaint.

11. Paragraph 11 of GE's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs state that the definition of "person" as that term is defined by Section 101(21) of CERCLA, 42 U.S.C. § 9601(21) speaks for itself, and deny, generally and specifically, each and every allegation contained in Paragraph 11 to the extent they are inconsistent with the statute and prevailing case law. Plaintiffs otherwise

3

deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of GE's Counterclaims.

12. Paragraph 12 of GE's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 12 of GE's Counterclaims and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

13. Paragraph 13 of GE's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 13 and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

14. Paragraph 14 of GE's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs state that Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), speaks for itself and deny, generally and specifically, any allegations in Paragraph 14 that are inconsistent with the statute and prevailing case law. Plaintiffs deny all remaining allegations in Paragraph 14, including but not limited to the allegation of RACER's express and implied assumption of GM's environmental liabilities, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of GE's Counterclaims.

15. Paragraph 15 of GE's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs state that Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), speaks for itself and deny, generally and specifically, any allegations in Paragraph 15 that are inconsistent with the statute and prevailing case law, and otherwise deny

knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

16. Paragraph 16 of GE's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 16 of GE's Counterclaims and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

17. Paragraph 17 of GE's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny the allocations contained in Paragraph 17 of GE's Counterclaims and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

**AS AND FOR A RESPONSE TO THE SECOND COUNTERCLAIM AGAINST PLAINTIFFS FOR COMMON LAW CONTRIBUTION AND INDEMNITY**

18. In response to Paragraph 18 of GE's Counterclaims, Plaintiffs repeat and re-allege each of its responses to the allegations in the preceding paragraphs as though fully set forth herein.

19. Paragraph 19 of GE's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 19 and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

20. Paragraph 20 of GE's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 20 and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

21. Paragraph 21 of GE's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in

Paragraph 21 and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

22. Paragraph 22 of GE's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required Plaintiffs deny the allegations contained in Paragraph 22 and otherwise deny knowledge or information sufficient to form a belief about the truth of the allegations contained therein.

### AS AND FOR A RESPONSE TO GE'S ANSWER TO ALL CROSSCLAIMS

23. Paragraph 23 of GE's Counterclaims purport to assert crossclaims against certain defendants named in Plaintiffs' Second Amended Complaint, to which no response is required. To the extent a response is required, Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of GE's Counterclaims.

### AS FOR A RESPONSE TO GE'S JURY DEMAND

24. Paragraph 24 of GE's Counterclaims, which purports to demand a trial by jury, does not contain any factual assertions for which a response is required.

### AS AND FOR A RESPONSE TO GE'S PRAYER FOR RELIEF

25. In response to Paragraphs 1 through 4 of the Wherefore Clause to GE's Counterclaims, Plaintiffs deny each and every request for relief that is against or pertains to Plaintiffs and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

### **AFFIRMATIVE DEFENSES**

Plaintiffs are unable to completely formulate affirmative defenses without more information about the factual allegations underlying GE's Counterclaims. Plaintiffs reserve the right to assert further affirmative defenses as discovery progresses in addition to those listed below.

**FIRST AFFIRMATIVE DEFENSE**

GE's Counterclaims fail to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

GE's Counterclaims are barred, in whole or in part, by the applicable statute of limitations and/or statutes of repose.

**THIRD AFFIRMATIVE DEFENSE**

GE's Counterclaims are barred by the doctrines of estoppel, collateral estoppel, release, res judicata, and/or laches.

**FOURTH AFFIRMATIVE DEFENSE**

GE's Counterclaims are barred, in whole or in part, because the Defendant failed to mitigate the alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred, in whole or in part, because any alleged damages sustained by Defendants were caused, at least in part, by the actions of Defendant and/or resulted from Defendant's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Plaintiffs.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred, in whole or in part, by estoppel, because any alleged damages sustained by Defendant was the direct and proximate result of Defendant's conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

GE's Counterclaims are barred, in whole or in part, because any purported damages allegedly suffered by GE are the result of the acts or omissions of third persons over whom

Plaintiffs had neither control nor responsibility.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

GE's Counterclaims are barred by the contribution protection afforded Plaintiffs by prior settlement agreements between Plaintiffs and the U.S. Environmental Protection Agency, the State of New York, and/or the New York Department of Environmental Conservation.

## TENTH AFFIRMATIVE DEFENSE

GE's Counterclaims are barred due to the fact that GE has not incurred any CERCLA-recoverable response costs or damages.

## ELEVENTH AFFIRMATIVE DEFENSE

GE's Counterclaims are barred, in whole or in part, because none of the alleged acts or omissions of Plaintiffs proximately caused GE's alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

Any recoverable necessary response costs must be allocated among all parties in accordance with those factors recognized under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), and other equitable considerations, including without limitation, GE's recalcitrance and intentional conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

GE's Counterclaims are barred, in whole or in part, and costs claimed, if any, should be limited, to the extent any fault, negligence, assumption of risk, or other culpable conduct GE caused, proximately caused, and/or contributed to the alleged injuries and damages, or to the extent

that the doctrines of contributory negligence, comparative fault, avoidable consequences, and/or other applicable common-law or statutory doctrines apply.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs adopt by reference all affirmative defenses heretofore and hereafter pleaded by the other parties as may be applicable to the facts alleged against Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

GE's claims are barred, in whole or in part, to the extent that the alleged damages in GE's Counterclaims were proximately caused by persons or entities other than Plaintiffs, including intervening and/or superseding acts or omissions.

## SIXTEENTH AFFIRMATIVE DEFENSE

GE is not entitled to recover from Plaintiffs because GE has not incurred costs in excess of its fair, equitable, and proportionate share of necessary response costs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

GE is not entitled to recover from Plaintiffs more than its respective fair, equitable, and proportionate share, if any, of the necessary response costs allegedly expended by GE or to otherwise recover from Plaintiffs more than the amount of such relief, if any, for which Plaintiffs may be liable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

## NINETEENTH AFFIRMATIVE DEFENSE

GE's claims against Plaintiffs under CERCLA are barred because Plaintiffs are not a successor to, nor have they assumed the liability of, any "owner" or "operator" under CERCLA

for any response costs GE may have incurred or may in the future incur in connection with the GM-IFG Subsite.

## TWENTIETH AFFIRMATIVE DEFENSE

GE's claims against Plaintiff under CERCLA are barred because Plaintiffs are not a current or former "owner" or "operator" of OU-2 and/or the Expanded Territory.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

GE's claims against Plaintiffs under CERCLA are barred because Plaintiffs are not a "covered person" under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

Dated: April 26, 2024
      Syracuse, New York

PRETI FLAHERTY BELIVEAU & PACHIOS

*/s/ Jeffrey A. Thaler, Esq.*
Jeffrey A. Thaler, *pro hac vice*
One City Center, PO Box 9546
Portland, Maine 04112
Telephone: (207) 791-3000
Email: jthaler@preti.com

LYNN D'ELIA TEMES & STANCZYK

*/s/ David C. Temes, Esq.*
David C. Temes, Esq. (Bar No. 514130)
449 South Salina Street, 2nd Floor
Syracuse, New York 13202
Telephone: (315) 766-2119
Email: david@ldts-law.com

*Counsel for Plaintiffs EPLET LLC and RACER Properties LLC*

## **CERTIFICATE OF SERVICE**

I, David C. Temes, hereby certify that on April 26, 2024, I caused a copy of the foregoing document to be served via ECF Service on all counsel of record.

Dated: April 26, 2024
       Syracuse, New York

LYNN D'ELIA TEMES & STANCZYK

*/s/ David C. Temes, Esq.*
David C. Temes, Esq. (Bar No. 514130)
Attorney for EPLET, LLC, and RACER Properties LLC
449 South Salina Street, 2nd Floor
Syracuse, New York 13202
Telephone: (315) 766-2119
Email: david@ldts-law.com

11