UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EPLET, LLC, not individually but solely in its representative capacity as Administrative Trustee of Revitalizing Auto Communities Environmental Response Trust, and RACER PROPERTIES LLC,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>NATIONAL GRID USA, et al.,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 5:18-cv-01267-DNH-ML<br><br>**PLAINTIFFS' ANSWER TO DEFENDANT JAGAR ENTERPRISES, INC.'S COUNTERCLAIMS** |

EPLET, LLC ("EPLET"), not individually but solely in its representative capacity as Administrative Trustee for Revitalizing Auto Communities Environmental Response Trust ("RACER Trust"), and RACER Properties LLC ("RACER Properties") (collectively, "Plaintiffs"), by and through its attorneys, Preti, Flaherty, Beliveau & Pachios, Chartered, LLP, and Lynn, D'Elia, Temes & Stanczyk, makes this Reply and Affirmative Defenses to the Answer and Counterclaims (the "Counterclaims") of Defendant JAGAR Enterprises, Inc. ("Defendant" or "JAGAR"), and state as follows:

## AS AND FOR A RESPONSE TO JAGAR'S COUNTERCLAIMS

### PARTIES

1. Paragraph 1 contains allegations to which no response is required. To the extent a response is required, Plaintiffs deny knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of JAGAR's Counterclaims.

2. Paragraph 2 contains allegations to which no response is required. To the extent a response is required, Plaintiffs deny knowledge or information sufficient to form a belief about the truth

of the allegations contained in Paragraph 2 of JAGAR's Counterclaims. Except as so admitted, Plaintiffs deny the allegations contained in Paragraph 2 of JAGAR's Counterclaims.

3. In response to Paragraph 3 of JAGAR's Counterclaims, Plaintiffs admit that EPLET is a Delaware limited liability company doing business in the State of New York and that it is the Administrative Trustee of RACER Trust, an independent environmental response trust formed under New York law, with a principal place of business at 1505 Woodward Avenue, Suite 200, Detroit, Michigan 48226. Plaintiffs admit that EPLET has the same principal place of business as RACER Trust. Except as so admitted, Plaintiffs deny the allegations contained in Paragraph 3 of JAGAR's Counterclaims.

4. In response to Paragraph 4 of JAGAR's Counterclaims, Plaintiffs admit that RACER Properties is a Delaware limited liability company doing business in the State of New York and RACER Trust is the sole member of RACER Properties and shares its principal place of business with RACER Properties. Except as so admitted, Plaintiffs deny the allegations contained in Paragraph 4 of JAGAR's Counterclaims.

## JURISDICTION AND VENUE

5. Paragraph 5, which purports to assert that the Court has jurisdiction over Defendant's Counterclaims, alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of JAGAR's Counterclaims.

6. Paragraph 6, which purports to assert the proper venue of the action, alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of JAGAR's Counterclaims.

## FACTUAL BACKGROUND

7. In response to Paragraph 7, Plaintiffs admit the property at issue in this lawsuit is located in and around the General Motors-Inland Fisher Guide ("GM-IFG") Subsite, including OU-1, OU-2 and the Expanded Territory. Paragraph 7 further purports to delineate the boundaries of the GM-IFG Subsite as designated by the U.S. Environmental Protection Agency and the New York State Department of Environmental Conservation, to which Plaintiffs lack sufficient knowledge or information to form a belief about the truth of the allegations. Except as so expressly admitted, Plaintiffs deny the allegations contained in Paragraph 7 of JAGAR's Counterclaims and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

8. Paragraph 8 of JAGAR's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation contained in Paragraph 8 or JAGAR's Counterclaims.

9. Paragraph 9 of JAGAR's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs state that Paragraph 9 purports to summarize Plaintiffs' claims as set forth in the Second Amended Complaint (ECF No. 334), which is a written document that speaks for itself, and Plaintiffs deny, generally and specifically, each and every allegation contained in Paragraph 9 to the extent they are inconsistent with the claims asserted in the Second Amended Complaint.

10. Paragraph 10 of JAGAR's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs state that Paragraph 10 purports to summarize factual and legal conclusions as set forth in the Second Amended Complaint, which is a written document that speaks for itself, and Plaintiffs deny, generally and specifically, each and every allegation contained in Paragraph 10 to the extent they are inconsistent with the claims asserted in the Second Amended Complaint.

11. Paragraph 11 of JAGAR's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs state that Paragraph 11 purports to summarize factual and legal conclusions as set forth in the Second Amended Complaint, which is a written document that speaks for itself, and Plaintiffs deny, generally and specifically, each and every allegation contained in Paragraph 11 to the extent they are inconsistent with the claims asserted in the Second Amended Complaint.

12. Paragraph 12 of JAGAR's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs state that Paragraph 12 purports to summarize factual and legal conclusions as set forth in the Second Amended Complaint, which is a written document that speaks for itself, and Plaintiffs deny, generally and specifically, each and every allegation contained in Paragraph 12 to the extent they are inconsistent with the claims asserted in the Second Amended Complaint.

13. Paragraph 13 contains allegations to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 13 of JAGAR's Counterclaims and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## AS AND FOR A RESPONSE TO COUNT I OF JAGAR'S COUNTERCLAIM AGAINST PLAINTIFFS FOR CONTRIBUTION UNDER CERCLA

14. In response to Paragraph 14 of JAGAR's Counterclaims, Plaintiffs repeat and re-allege each of its responses to the allegations in the preceding paragraphs as though fully set forth herein.

15. Paragraph 15 of JAGAR's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs state that the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") speaks for itself and deny, generally and specifically, each and every allegation contained in Paragraph 15 to the extent they are inconsistent with the statute and prevailing case law.

16. Paragraph 16 of JAGAR's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs state that the definition of "person" as that term is defined by Section 101(21) of CERCLA, 42 U.S.C. § 9601(21) speaks for itself, and deny, generally and specifically, each and every allegation contained in Paragraph 16 to the extent they are inconsistent with the statute and prevailing case law.

17. Paragraph 17 of JAGAR's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs state that Sections 107(a)(1) and (2) of CERCLA, 42 U.S.C. §§ 9607(a)(1) and (2) speak for themselves and deny, generally and specifically, any allegations in Paragraph 17 that are inconsistent with the statute and prevailing case law.

18. Paragraph 18 of JAGAR's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 18 of JAGAR's Counterclaims and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

19. Paragraph 19 of JAGAR's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 19 of JAGAR's Counterclaims and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

20. In response to the Wherefore Clause to Count I of JAGAR's Counterclaims, Plaintiffs deny each and every request for relief that is against or pertains to Plaintiffs and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

**AS AND FOR A RESPONSE TO COUNT II OF JAGAR'S COUNTERCLAIM AGAINST PLAINTIFFS FOR COMMON LAW INDEMNIFICATION AND CONTRIBUTION**

21. In response to Paragraph 28 of JAGAR's Counterclaims, Plaintiffs repeat and re-allege each of its responses to the allegations in the preceding paragraphs as though fully set forth herein.

22. Paragraph 29 of JAGAR's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs admit that General Motors ("GM") owned and operated the GM-IFG Plant but deny all remaining allegations in Paragraph 29, including the allegation that Plaintiffs are liable for GM's conduct, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

23. Paragraph 30 of JAGAR's Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 30 and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

24. In response to the Wherefore Clause to Count II of JAGAR's Counterclaims, Plaintiffs deny each and every request for relief that is against or pertains to Plaintiffs and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## AFFIRMATIVE DEFENSES

Plaintiffs are unable to completely formulate affirmative defenses without more information about the factual allegations underlying JAGAR's Counterclaims. Plaintiffs reserve the right to assert further affirmative defenses as discovery progresses in addition to those listed below.

### FIRST AFFIRMATIVE DEFENSE

JAGAR's Counterclaims fail to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

JAGAR's Counterclaims are barred, in whole or in part, by the applicable statute of limitations and/or statutes of repose.

### THIRD AFFIRMATIVE DEFENSE

JAGAR's Counterclaims are barred by the doctrines of estoppel, collateral estoppel, release, res judicata, and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

JAGAR's Counterclaims are barred, in whole or in part, because the Defendant failed to mitigate the alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred, in whole or in part, because any alleged damages

sustained by Defendants were caused, at least in part, by the actions of Defendant and/or resulted from Defendant's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred, in whole or in part, by estoppel, because any alleged damages sustained by Defendant was the direct and proximate result of Defendant's conduct.

## SEVENTH AFFIRMATIVE DEFENSE

JAGAR's Counterclaims are barred, in whole or in part, because any purported damages allegedly suffered by JAGAR are the result of the acts or omissions of third persons over whom Plaintiffs had neither control nor responsibility.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

JAGAR's Counterclaims are barred by the contribution protection afforded Plaintiffs by prior settlement agreements between Plaintiffs and the Environmental Protection Agency, the State of New York, and/or the New York Department of Environmental Conservation.

## TENTH AFFIRMATIVE DEFENSE

JAGAR's Counterclaims are barred due to the fact that JAGAR has not incurred any CERCLA-recoverable response costs or damages.

## ELEVENTH AFFIRMATIVE DEFENSE

JAGAR's Counterclaims are barred, in whole or in part, because none of the alleged acts or omissions of Plaintiffs proximately caused JAGAR's alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

Any recoverable necessary response costs must be allocated among all parties in accordance with those factors recognized under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), and other equitable considerations, including without limitation, JAGAR's recalcitrance and intentional conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

JAGAR's Counterclaims are barred, in whole or in part, and costs claimed, if any, should be limited, to the extent any fault, negligence, assumption of risk, or other culpable conduct JAGAR caused, proximately caused, and/or contributed to the alleged injuries and damages, or to the extent that the doctrines of contributory negligence, comparative fault, avoidable consequences, and/or other applicable common-law or statutory doctrines apply.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs adopt by reference all affirmative defenses heretofore and hereafter pleaded by the other parties as may be applicable to the facts alleged against Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

JAGAR's claims are barred, in whole or in part, to the extent that the alleged damages in JAGAR's Counterclaims were proximately caused by persons or entities other than Plaintiffs, including intervening and/or superseding acts or omissions.

## SIXTEENTH AFFIRMATIVE DEFENSE

JAGAR is not entitled to recover from Plaintiffs because JAGAR has not incurred costs in excess of its fair, equitable, and proportionate share of necessary response costs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

JAGAR is not entitled to recover from Plaintiffs more than its respective fair, equitable,

and proportionate share, if any, of the necessary response costs allegedly expended by JAGAR or to otherwise recover from Plaintiffs more than the amount of such relief, if any, for which Plaintiffs may be liable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

### NINETEENTH AFFIRMATIVE DEFENSE

JAGAR's claims against Plaintiffs under CERCLA are barred because Plaintiffs are not a successor to, nor have they assumed the liability of, any "owner" or "operator" under CERCLA for any response costs JAGAR may have incurred or may in the future incur in connection with the GM-IFG Subsite.

### TWENTIETH AFFIRMATIVE DEFENSE

JAGAR's claims against Plaintiff under CERCLA are barred because Plaintiffs are not a current or former "owner" or "operator" of OU-2 and/or the Expanded Territory.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

JAGAR's claims against Plaintiffs under CERCLA are barred because Plaintiffs are not a "covered person" under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

Dated: April 26, 2024  PRETI FLAHERTY BELIVEAU & PACHIOS
Syracuse, New York

*/s/ Jeffrey A. Thaler, Esq.*
Jeffrey A. Thaler, *pro hac vice*
One City Center, PO Box 9546
Portland, Maine 04112
Telephone: (207) 791-3000
Email: jthaler@preti.com

LYNN D'ELIA TEMES & STANCZYK

*/s/ David C. Temes, Esq.*
David C. Temes, Esq. (Bar No. 514130)
449 South Salina Street, 2nd Floor
Syracuse, New York 13202
Telephone: (315) 766-2119
Email: david@ldts-law.com

*Counsel for Plaintiffs EPLET LLC and RACER Properties LLC*

## **CERTIFICATE OF SERVICE**

I, David C. Temes, hereby certify that on April 26, 2024, I caused a copy of the foregoing document to be served via ECF Service on all counsel of record.

Dated: April 26, 2024
      Syracuse, New York

LYNN D'ELIA TEMES & STANCZYK

*/s/ David C. Temes, Esq.*
David C. Temes, Esq. (Bar No. 514130)
Attorney for EPLET, LLC, and RACER Properties LLC
449 South Salina Street, 2nd Floor
Syracuse, New York 13202
Telephone: (315) 766-2119
Email: david@ldts-law.com

12