UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EPLET, LLC, not individually but solely in its representative capacity as Administrative Trustee of Revitalizing Auto Communities Environmental Response Trust, and RACER PROPERTIES LLC,<br><br>        Plaintiffs,<br><br>vs.<br><br>NATIONAL GRID USA, et al.,<br><br>        Defendants. | Civil Action No. 5:18-cv-01267-DNH-ML<br><br>**PLAINTIFFS' ANSWER TO DEFENDANTS METALICO SYRACUSE REALTY, INC.'S AND METALICO NEW YORK, INC.'S COUNTERCLAIMS** |

EPLET, LLC ("EPLET"), not individually but solely in its representative capacity as Administrative Trustee for Revitalizing Auto Communities Environmental Response Trust ("RACER Trust"), and RACER Properties LLC ("RACER Properties") (collectively, "Plaintiffs"), by and through its attorneys, Preti, Flaherty, Beliveau & Pachios, Chartered, LLP, and Lynn, D'Elia, Temes & Stanczyk, make this Reply and Affirmative Defenses to the Answer and Counterclaims (the "Counterclaims") of Defendants Metalico Syracuse Realty, Inc. ("Metalico Realty") and Metalico New York, Inc. ("Metalico New York") (collectively, "Defendants"), and state as follows:

## AS AND FOR A RESPONSE TO DEFENDANTS' COUNTERCLAIMS

### THE PARTIES

1. Paragraph 542 of Defendants' Counterclaims contains allegations to which no response is required. To the extent a response is required, Plaintiffs deny knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 542.

2. With respect to Paragraph 543 of Defendants' Counterclaims, Plaintiffs admit that Metalico Realty and Metalico New York are New York corporations. Except as so admitted, Plaintiffs deny the allegations contained in Paragraph 543 of Defendants' Counterclaims.

3. In response to Paragraph 544 of Defendants' Counterclaims, Plaintiffs admit that EPLET is a Delaware limited liability company doing business in the State of New York and that it is the Administrative Trustee of RACER Trust, an independent environmental response trust formed under New York law, with a principal place of business at 1505 Woodward Avenue, Suite 200, Detroit, Michigan 48226. Plaintiffs admit that EPLET has the same principal place of business as RACER Trust. Except as so admitted, Plaintiffs deny the allegations contained in Paragraph 544 of Defendants' Counterclaims.

4. In response to Paragraph 545 of Defendants' Counterclaims, Plaintiffs admit that RACER Properties is a Delaware limited liability company doing business in the State of New York, and that RACER Trust is the sole member of RACER Properties and shares its principal place of business with RACER Properties. Except as so admitted, Plaintiffs deny the allegations contained in Paragraph 545 of Defendants' Counterclaims.

## JURISDICTION AND VENUE

5. Paragraph 546, which purports to assert that the Court has jurisdiction over Defendants' Counterclaims, alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 546 of Defendants' Counterclaims.

6. Paragraph 547, which purports to assert the proper venue of the action, alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny

21771364.3

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 547 of Defendants' Counterclaims.

## FACTUAL BACKGROUND

7. In response to Paragraph 548, Plaintiffs admit the property at issue in this lawsuit is located in and around the General Motors-Inland Fisher Guide ("GM-IFG") Subsite, including OU-1, OU-2, and the Expanded Territory. Paragraph 548 further purports to delineate the boundaries of the GM-IFG Subsite as designated by the U.S. Environmental Protection Agency and the New York State Department of Environmental Conservation, to which Plaintiffs lack sufficient knowledge or information to form a belief about the truth of the allegations. Except as so expressly admitted, Plaintiffs deny the allegations contained in Paragraph 548 of Defendants' Counterclaims and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

8. Paragraph 549 of Defendants' Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny each and every allegation contained in Paragraph 549 of Defendants' Counterclaims.

9. Paragraph 550 of Defendants' Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs state that Paragraph 550 purports to summarize Plaintiffs' claims as set forth in the Second Amended Complaint (ECF No. 334), which is a written document that speaks for itself, and Plaintiffs deny, generally and specifically, each and every allegation contained in Paragraph 550 to the extent they are inconsistent with the claims asserted in the Second Amended Complaint.

10. Paragraph 551 of Defendants' Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs state that Paragraph 551 purports to summarize factual and legal conclusions as set forth in the Second Amended Complaint, which is a written document that speaks for itself, and Plaintiffs deny, generally and specifically, each and every allegation contained in Paragraph 551 to the extent they are inconsistent with the claims asserted in the Second Amended Complaint.

11. Paragraph 552 of Defendants' Counterclaims purports to articulate certain factual and legal bases for Plaintiffs' claims against Defendants as set forth in the Second Amended Complaint. Plaintiffs state that the Second Amended Complaint is a written document that speaks for itself, and Plaintiffs deny, generally and specifically, each and every allegation contained in Paragraph 552 to the extent they are inconsistent with the claims asserted in the Second Amended Complaint.

12. Paragraph 553 of Defendants' Counterclaims purports to articulate certain factual and legal bases for Plaintiffs' claims against Defendants as set forth in the Second Amended Complaint. Plaintiffs state that the Second Amended Complaint is a written document that speaks for itself, and Plaintiffs deny, generally and specifically, each and every allegation contained in Paragraph 553 to the extent they are inconsistent with the claims asserted in the Second Amended Complaint.

13. Paragraph 554 of Defendants' Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 554 of Defendants' Counterclaims and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

21771364.3

## AS AND FOR A RESPONSE TO COUNT I OF DEFENDANTS' COUNTERCLAIM AGAINST PLAINTIFFS FOR CONTRIBUTION UNDER CERCLA

14. In response to Paragraph 555 of Defendants' Counterclaims, Plaintiffs repeat and re-allege each of its responses to the allegations in the preceding paragraphs as though fully set forth herein.

15. Paragraph 556 of Defendants' Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs state that the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") speaks for itself and deny, generally and specifically, each and every allegation contained in Paragraph 556 to the extent they are inconsistent with the statute and prevailing case law.

16. Paragraph 557 of Defendants' Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs state that the definition of "person" as that term is defined by Section 101(21) of CERCLA, 42 U.S.C. § 9601(21), speaks for itself, and deny, generally and specifically, each and every allegation contained in Paragraph 557 to the extent they are inconsistent with the statute and prevailing case law. Plaintiffs otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 557 of Defendants' Counterclaims.

17. Paragraph 558 of Defendants' Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs state that Sections 107(a)(1) and (2) of CERCLA, 42 U.S.C. §§ 9607(a)(1) and (2), speak for themselves and deny, generally and specifically, any allegations in Paragraph 558 that are inconsistent with the statute and prevailing case law. Plaintiffs otherwise deny knowledge or information sufficient to form a

21771364.3

belief as to the truth of the allegations contained in Paragraph 558 of Defendants' Counterclaims.

18. Paragraph 559 of Defendants' Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 559 of Defendants' Counterclaims and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

19. Paragraph 560 of Defendants' Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 560 of Defendants' Counterclaims and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

20. In response to the Wherefore Clause to Count I of Defendants' Counterclaims, Plaintiffs deny each and every request for relief that is against or pertains to Plaintiffs and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

### AS AND FOR A RESPONSE TO COUNT II OF DEFENDANTS' COUNTERCLAIM AGAINST PLAINTIFFS FOR COMMON LAW INDEMNIFICATION AND CONTRIBUTION

21. In response to Paragraph 561 of Defendants' Counterclaims, Plaintiffs repeat and re-allege each of its responses to the allegations in the preceding paragraphs as though fully set forth herein.

22. Paragraph 562 of Defendants' Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs admit that General Motors ("GM") owned and operated the GM-IFG Plant but deny all remaining allegations in Paragraph 562,

including the allegation that Plaintiffs are liable for GM's conduct, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

23. Paragraph 563 of Defendants' Counterclaims alleges conclusions of law to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 563 and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

24. In response to the Wherefore Clause to Count II of Defendants' Counterclaims, Plaintiffs deny each and every request for relief that is against or pertains to Plaintiffs and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## AFFIRMATIVE DEFENSES

Plaintiffs are unable to completely formulate affirmative defenses without more information about the factual allegations underlying Defendants' Counterclaims. Plaintiffs reserve the right to assert further affirmative defenses as discovery progresses in addition to those listed below.

### FIRST AFFIRMATIVE DEFENSE

Defendants' Counterclaims fail to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the applicable statute of limitations and/or statutes of repose.

### THIRD AFFIRMATIVE DEFENSE

21771364.3

Defendants' Counterclaims are barred by the doctrines of estoppel, collateral estoppel, release, res judicata, and/or laches.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants' Counterclaims are barred, in whole or in part, because the Defendants failed to mitigate the alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants' Counterclaims are barred, in whole or in part, because any alleged damages sustained by Defendants were caused, at least in part, by the actions of Defendants and/or resulted from Defendants' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Plaintiffs.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants' Counterclaims are barred, in whole or in part, by estoppel, because any alleged damages sustained by Defendants were the direct and proximate result of Defendants' conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants' Counterclaims are barred, in whole or in part, because any purported damages allegedly suffered by Defendants are the result of the acts or omissions of third persons over whom Plaintiffs had neither control nor responsibility.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants' Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

Defendants' Counterclaims are barred by the contribution protection afforded Plaintiffs by prior settlement agreements between Plaintiffs and the U.S. Environmental Protection Agency, the

State of New York, and/or the New York Department of Environmental Conservation.

## TENTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred due to the fact that Defendants have not incurred any CERCLA-recoverable response costs or damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, because none of the alleged acts or omissions of Plaintiffs proximately caused Defendants' alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

Any recoverable necessary response costs must be allocated among all parties in accordance with those factors recognized under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), and other equitable considerations, including without limitation, Defendants' recalcitrance and intentional conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, and costs claimed, if any, should be limited, to the extent any fault, negligence, assumption of risk, or other culpable conduct Defendants caused, proximately caused, and/or contributed to the alleged injuries and damages, or to the extent that the doctrines of contributory negligence, comparative fault, avoidable consequences, and/or other applicable common-law or statutory doctrines apply.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs adopt by reference all affirmative defenses heretofore and hereafter pleaded by the other parties as may be applicable to the facts alleged against Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants' claims are barred, in whole or in part, to the extent that the alleged damages

in Defendants' Counterclaims were proximately caused by persons or entities other than Plaintiffs, including intervening and/or superseding acts or omissions.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants are not entitled to recover from Plaintiffs because Defendants have not incurred costs in excess of its fair, equitable, and proportionate share of necessary response costs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants are not entitled to recover from Plaintiffs more than Plaintiffs' respective fair, equitable, and proportionate share, if any, of the necessary response costs allegedly expended by Defendants or to otherwise recover from Plaintiffs more than the amount of such relief, if any, for which Plaintiffs may be liable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants' claims against Plaintiffs under CERCLA are barred because Plaintiffs are not a successor to, nor have they assumed the liability of, any "owner" or "operator" under CERCLA for any response costs Defendants may have incurred or may in the future incur in connection with the GM-IFG Subsite.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants' claims against Plaintiff under CERCLA are barred because Plaintiffs are not a current or former "owner" or "operator" of OU-2 and/or the Expanded Territory.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants' claims against Plaintiffs under CERCLA are barred because Plaintiffs are

not a "covered person" under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

Dated: May 3, 2024
Syracuse, New York

PRETI FLAHERTY BELIVEAU & PACHIOS

*/s/ Jeffrey A. Thaler, Esq.*
Jeffrey A. Thaler, *pro hac vice*
One City Center, PO Box 9546
Portland, Maine 04112
Telephone: (207) 791-3000
Email: jthaler@preti.com

LYNN D'ELIA TEMES & STANCZYK

*/s/ David C. Temes, Esq.*
David C. Temes, Esq. (Bar No. 514130)
449 South Salina Street, 2nd Floor
Syracuse, New York 13202
Telephone: (315) 766-2119
Email: david@ldts-law.com

*Counsel for Plaintiffs EPLET, LLC and RACER Properties LLC*

21771364.3

## CERTIFICATE OF SERVICE

I, David C. Temes, hereby certify that on May 3, 2024, I caused a copy of the foregoing document to be served via ECF Service on all counsel of record.

Dated: May 3, 2024
Syracuse, New York

LYNN D'ELIA TEMES & STANCZYK

*/s/ David C. Temes*
David C. Temes, Esq. (Bar No. 514130)
Counsel for EPLET, LLC, and RACER Properties LLC
449 South Salina Street, 2nd Floor
Syracuse, New York 13202
Telephone: (315) 766-2119
Email: david@ldts-law.com

21771364.3