UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RACER PROPERTIES LLC, and EPLET,
LLC, not individually but solely in its
representative capacity as Administrative
Trustee of Revitalizing Auto Communities
Response Trust,

                Plaintiffs,

        -v-                      5:18-CV-1267

NATIONAL GRID USA, NIAGARA
MOHAWK POWER CORPORATION,
CARRIER CORPORATION, RTX
CORPORATION, CARLYLE AIR
CONDITIONING COMPANY INC.,
GENERAL ELECTRIC COMPANY,
BRISTOL-MEYERS SQUIBB COMPANY,
NEW PROCESS GEAR CORPORATION,
MAGNA POWERTRAIN USA, INC.,
SOLVENTS AND PETROLEUM
SERVICE, INC., THOMPSON CORNERS,
LLC, METALICO SYRACUSE REALTY,
INC., METALICO NEW YORK, INC.,
ALERIS PARTNERS, LLC, GARDNER
DENVER, INC., ONX1 LLC, ONONDAGA
POTTERY COMPANY, INC., AMPARIT
INDUSTRIES, LLC, 6181 THOMPSON
ROAD, LLC, CARRIER CIRCLE
BUSINESS COMPLEX, LLC, VERIZON
NEW YORK, INC., WESTERN ELECTRIC
COMPANY, INCORPORATED, FULTON
IRON & STEEL CO., INC., SYRACUSE
LEPAGE, LLC, LENNOX INDUSTRIES,
INC., SYRACUSE DEERE ROAD
ASSOCIATES, LLC, JAGAR ENTERPRISES,
INC., BURKO CORPORATION, EMPIRE
PIPELINE CORPORATION, CALOCERINOS

AND SPINA, C & S ENGINEERS, INC.,
JOHN DOES, B&B FAMILY LIMITED
PARTNERSHIP, HAULER'S FACILITY,
LLC, HONEYWELL INTERNATIONAL,
INC., LOCKHEED MARTIN
CORPORATION, NEW PROCESS GEAR,
INC., NOKIA OF AMERICA
CORPORATION, NORTH MIDLER
PROPERTIES, LLC, NORTHEAST
MANAGEMENT SERVICES, INC.,
NORTHERN INDUSTRIAL HOLDINGS,
LLC, OLD CARCO LIQUIDATION TRUST,
OLD CARDO LLC F/K/A CHRYSLER LLC,
THOMPSON LAW, LLC, THOMPSON NW,
LLC, UNITED STATES HOFFMAN
MACHINERY CORPORATION, and
OLD ELECTRIC, INC.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

LYNN D'ELIA TEMES               DAVID C. TEMES, ESQ.
    & STANCZYK
Attorneys for Plaintiffs
449 S. Salina Street, 2nd Floor
Syracuse, NY 13202


PRETI FLAHERTY BELIVEAU          JEFFREY A. THALER, ESQ.
    & PACHIOS, LLP                KEVIN C. OSANTOWSKI, ESQ.
Attorneys for Plaintiffs          DAVID B. VAN SLYKE, ESQ.
P.O. Box 9546
Portland, ME 04112


WHITEMAN, OSTERMAN LAW FIRM      PHILIP H. GITLEN, ESQ.
Attorneys for Moving Defendant    ARTHUR A. NIX, ESQ.
    Verizon New York, Inc.         JON E. CRAIN, JR., ESQ.
One Commerce Plaza, Suite 1900
Albany, NY 12210

TALARICO LAW FIRM
Attorneys for Moving Defendant
   B&B Family Limited Partnership
6832 East Genesee Street
Fayetteville, NY 13066

          JOSEPH R. TALARICO, II, ESQ.

ARNOLD & PORTER
   KAYE SCHOLER LLP
Attorneys for Moving Defendant
   Honeywell International, Inc.
601 Massachusetts Avenue NW
Washington, D.C. 20001

          TYLER L. BURGESS, ESQ.
          LAUREN COLE DANIEL, ESQ.

ALSTON & BIRD LLP
Attorneys for Moving Defendants
   Western Electric Company, Inc.
   and Nokia of America Corp.
90 Park Avenue
New York, NY 10016

          DAVID VENDERBUSH, ESQ.
          HILLARY SANBORN, ESQ.
          MEAGHAN G. BOYD, ESQ.

RUPP PFALZGRAF LLC
Attorneys for Moving Defendants
   Thompson Corners, LLC, 6181
   Thompson Road, LLC, Thompson
   Law, LLC, and Thompson NW, LLC
1600 Liberty Building
424 Main Street
Buffalo, NY 14202

          JOHN T. KOLAGA, ESQ.

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

On October 26, 2018, plaintiffs EPLET, LLC,[1] the administrative trustee of the Revitalizing Auto Communities Environmental Response ("RACER") Trust, and Racer Properties, LLC (collectively "RACER" or "plaintiffs"), a pair of entities created to finance the cleanup of decades' worth of environmental contamination along a stretch of Ley Creek in the Onondaga Lake region of Syracuse, New York, filed this civil action pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and related state law.

Broadly speaking, RACER's complaint sought recovery of costs or, in the alternative, contribution, against a laundry list of defendants who allegedly contributed to polluting an expanded territory that plaintiffs claim they have been charged with cleaning up. Dkt. No. 1. After plaintiffs amended their pleading, Dkt. No. 157, defendants moved to dismiss, Dkt. No. 255, 295.

On May 12, 2020, this Court concluded that plaintiffs' claims were unripe and dismissed the amended complaint without prejudice to renew. Dkt. No. 312; *Revitalizing Auto Cmtys. Env't Response Trust v. Nat'l Grid USA* ("*RACER I*"), 2020 WL 2404770 (N.D.N.Y.). Plaintiffs took an appeal and a

---

[1] EPLET, LLC, the Administrative Trustee of the RACER Trust, was not originally a named plaintiff. It was later substituted because the Trust itself lacks capacity to sue.

panel of the Second Circuit reversed. *Revitalizing Auto Cmtys. Env't Response Trust v. Nat'l Grid USA* ("*RACER II*"), 10 F.4th 87 (2d Cir. 2021).

On November 17, 2021, following remand of this action, plaintiffs filed a second amended complaint, Dkt. No. 334, which drew a second round of pre-answer motion practice, Dkt. No. 346. This time around, the Court granted defendants' motion, dismissed plaintiffs' CERCLA claims on the merits, and declined to exercise supplemental jurisdiction over the remaining state-law claims. *Racer Props., LLC v. Nat'l Grid USA* ("*RACER III*"), 610 F. Supp. 3d 451 (N.D.N.Y. July 8, 2022). Plaintiffs took a second appeal and the Second Circuit again reversed. *Revitalizing Auto Cmtys. Env't Response Trust v. Nat'l Grid USA* ("*RACER IV*"), 92 F.4th 415 (2d Cir. 2024).

On remand, most of the defendants decided to answer the second amended complaint, assert counterclaims, and head into discovery. Dkt. Nos. 427, 428, 431, 432, 433, 434, 435, 436, 437, 440, 441, 442, 444, 445, 446, 448, 449, 450, 451, 453, 455, 468, 471. A few defendants have failed to appear in this action to defend themselves. Plaintiffs have moved for default judgment against one of the non-appearing defendants, Dkt. No. 543, and to dismiss their claims against eight of the other non-appearing defendants, Dkt. No. 546.

Finally, six defendants or groups of defendants have again moved to dismiss: (1) Verizon New York, Inc. ("Verizon"); (2) B&B Family Limited Partnership ("B&B Family"); (3) Honeywell International, Inc. ("Honeywell");

(4) Western Electric Company, Inc. ("Western Electric"); (5) Nokia of America Corporation ("Nokia"); and (6) Thompson Corners, LLC, 6181 Thompson Road, LLC, Thompson Law, LLC, and Thompson NW, LLC (collectively the "Thompson Defendants").  Dkt. Nos. 443, 452, 454, 456, 457, 470.

All of the pending motions have been fully briefed and will be considered on the basis of the submissions without oral argument.

## II.  **DISCUSSION**

As the Second Circuit noted in *RACER IV*, this Court is well-familiar with the "complex factual and procedural background" of the parties' disputes and the underlying legal issues presented by the second amended complaint.  92 F.4th at 450.  In light of that familiarity, and mindful of the fact that we are still in something of a pre-answer posture on what is now a six-year-old case, the Court has sought to streamline and simplify this round of motion practice by omitting a belabored recitation of the operative complaint's lengthy factual allegations and CERCLA's complex legal framework in favor of a narrower focus on the parties' specific arguments.[2]

Briefly stated, though, the Second Circuit summarized what lies at the heart of this litigation in *RACER IV*:

---

[2]  The ambitious reader should review *RACER I* (31 pages at Dkt. No. 312), *RACER II* (42 pages at Dkt. No. 321), *RACER III* (47 pages at Dkt. No. 373), *RACER IV* (74 pages at Dkt. No. 382) and the second amended complaint (86 pages excluding exhibits at Dkt. No. 334) before wading any further into these dark waters.

The pivotal issue before us is whether the 2011 Settlement Agreement did, in fact, resolve RACER's liability as to the area in question. Although this question is primarily a legal one—it's a matter of contract interpretation—understanding the issues requires a deep dive into the facts. We ultimately conclude that the 2011 Settlement Agreement did not definitively resolve RACER's liability as to the entire area in dispute; it only resolved its liability as to the site of the IFG Plant and pollutants that migrated or emanated from that site. Whether and to what extent the response costs for which GM seeks recovery arise from pollution that migrated or emanated from the Plant site, as opposed to pollution that arrived in the disputed area through other means, requires factual determinations that we cannot make in the context of this motion to dismiss.

*RACER IV*, 92 F.4th at 424.

## A. <u>Defendants' Motions to Dismiss</u>

First, there are six motions to dismiss pending by defendants: (1) Verizon; (2) B&B Family; (3) Honeywell.; (4) Western Electric; (5) Nokia; and (6) the Thompson Defendants. Defendants have each brought their motions pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, the complaint's factual allegations must be enough to elevate the plaintiff's right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). So while legal conclusions can provide a framework for the complaint, they must be supported with meaningful allegations of fact. *Ashcroft v. Iqbal*, 556 U.S.

662, 679 (2009).  In short, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

To assess this plausibility requirement, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In doing so, the court generally confines itself to the facts alleged in the pleading, any documents attached to the complaint or incorporated into it by reference, and matters of which judicial notice may be taken.  *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Concord Assocs., L.P. v. Ent. Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

## 1.  <u>Verizon</u>

Verizon has moved to dismiss RACER's second amended complaint for failure to state any plausible claims for relief.  Verizon Mem., Dkt. No. 443-1 at 8–16.[3]  In particular, Verizon argues that: (1) it should be dismissed from this action because plaintiffs concede that Verizon neither caused nor contributed to the contamination in the expanded territory; (2) CERCLA preempts plaintiffs' common law claims for restitution, contribution, and indemnification; (3) plaintiffs cannot bring claims under New York State Navigation Law because Verizon is not responsible for remediating petroleum

---

[3]  Pagination corresponds to CM/ECF header.

contamination in the expanded territory since no petroleum could have originated from a source over which Verizon exercises control; (4) plaintiffs' state law negligence and public nuisance claims are time-barred; and (5) plaintiffs' request for a declaration that Verizon is "jointly and severally liable" for contamination costs must be dismissed because there is no legal basis on which to hold Verizon liable. Verizon Mem. at 8–16.

In opposition, RACER contends that (1) the Second Circuit's decision in *RACER IV* does not preclude plaintiffs from seeking contribution or cost recovery from Verizon related to the expanded territory; (2) they have plausibly shown that at least some of the contaminants in the expanded territory emanated from a facility under Verizon's control; (3) determining whether plaintiffs' state law claims are preempted by CERCLA would be premature at this procedural posture; (4) they have plausibly alleged their claims under the state Navigation Law by alleging that Verizon discharged petroleum into the expanded territory, (5) their negligence and public nuisance claims are not time-barred; and (6) they can pursue declaratory relief under the governing law. Pls.' Opp'n, Dkt. No. 514 at 4–15. Plaintiffs contend they should be permitted to proceed to discovery. *Id.* at 4, 9, 10, 13.

Upon review, defendant's motion to dismiss will be denied because plaintiffs' operative complaint has plausibly alleged claims that would give rise to relief under the governing law. In fact, a review of the parties' briefing

reveals that these arguments implicate questions of fact that are better left to the discovery process. The same is true of about the viability of plaintiff's state-law claims: it depends upon the resolution of factual issues related to the CERCLA claims. In short, the Court is satisfied that plaintiffs have plausibly alleged each of the causes of actions that remain asserted in the operative pleading. Accordingly, Verizon's motion to dismiss will be denied.

### 2. **B&B Family**

B&B Family has also moved to dismiss. B&B Family Mem., Dkt. No. 452-2 at 10–23. B&B Family argues that (1) plaintiffs' second amended complaint fails to state a CERCLA claim that could result in cost recovery against B&B Family; (2) plaintiffs' claims under New York State Navigation Law for costs associated with contamination are preempted by CERCLA; (3) plaintiffs' New York State Navigation Law § 181 claim should be dismissed because it only applies to faultless owners and plaintiffs are not faultless; (4) plaintiffs' common law claims for negligence and public nuisance are duplicative; (5) plaintiffs' state negligence and public nuisance claims are time-barred; (6) plaintiffs' state law claim for negligence fails because B&B Family does not owe plaintiffs a duty of care; (7) plaintiffs' claims for restitution, contribution, and indemnity are preempted by CERCLA; and (8) plaintiffs' claim for declaratory relief should be dismissed because it is not based on a valid independent cause of action. B&B Family Mem. at 8–18.

In opposition, RACER contends that (1) plaintiffs have pleaded sufficient factual information to state a *prima facie* claim against B&B Family under CERCLA; (2) plaintiffs have sufficiently pleaded non-duplicative claims under New York's Navigation Law; (3) plaintiffs have plausibly alleged a claim under New York's Navigation Law § 181(5) because they are not a responsible party and are entitled to recovery; (4) plaintiffs' state law claims for negligence and public nuisance are not preempted by CERCLA; (5) plaintiffs' state law negligence and public nuisance claims are not time-barred; (6) plaintiffs' negligence claims can be sustained even in the absence of damage to plaintiffs' property; (7) it would be premature to conclude that plaintiffs' common law claims are preempted by CERCLA; and (8) plaintiffs should be permitted to proceed with their claim for declaratory judgment until all other claims under federal and state law are dismissed or rejected on the merits. Pls.' Opp'n, Dkt. No. 513 at 5–15. Plaintiffs assert they should proceed to discovery on these claims. *Id.* at 1, 5, 13.

Upon review, B&B Family's motion to dismiss will be denied because plaintiffs' operative complaint has plausibly alleged claims that would give rise to relief under the governing law. In fact, a review of the parties' briefing reveals that these arguments implicate questions of fact that are better left to the discovery process. The same is true of about the viability of plaintiff's state-law claims: it depends upon the resolution of factual issues related to

the CERCLA claims.  In short, the Court is satisfied that plaintiffs have plausibly alleged each of the causes of actions that remain asserted in the operative pleading.  Accordingly, B&B Family's motion to dismiss will be denied.

### 3.  **Honeywell**

Honeywell has moved to dismiss.  Honeywell Mem., Dkt. No. 454 at 10–27. In particular, Honeywell argues that (1) RACER's claims against Honeywell were released in a 2013 settlement agreement and should therefore be dismissed;[4] (2) plaintiffs' contribution claims against Honeywell are time-barred; (3) plaintiffs' claim for cost recovery under CERCLA § 107 fails because it is foreclosed by the contribution claim brought under CERCLA Section § 113; (4) the Court should decline to exercise supplemental jurisdiction over plaintiffs' state law claims; (5) plaintiffs' claims under New York State's Navigation Law are preempted by CERCLA; (6) plaintiffs' claim under New York State's Navigation Law § 181 fail because plaintiffs are not "faultless" owners; (7) plaintiffs' common law negligence and public nuisance claims are preempted by CERCLA; (8) plaintiffs' common law negligence and public nuisance claims are time-barred; (9) plaintiffs' common law negligence

---

[4] Honeywell requests, in the alternative, that if the Court believes that consideration of the release of claims should not be considered on a motion to dismiss, that the Court should, pursuant to Fed. R. Civ. P. 12(d), convert the motion to a summary judgment motion and dismiss RACER's claims against them as they are entitled to judgment as a matter of law.  Def's Mem. at 4.

claim fails because plaintiffs do not control the expanded territory at issue;
(10) plaintiffs' claims for restitution, contribution, and indemnity are
preempted by CERCLA; and (11) plaintiffs' claim for declaratory relief must
be dismissed because it is not an independent cause of action.  Honeywell
Mem. at 4–20.

   In opposition, RACER contends that (1) Honeywell's settlement agreement
did not abrogate plaintiffs' rights to seek cost recovery and/or contribution
from Honeywell pursuant to CERCLA; (2) plaintiffs' CERLCA § 113 claims
are not time-barred and have been plausibly alleged; (3) plaintiff's claim for
cost recovery under CERCLA § 107 is not foreclosed; (4) the Court has
supplemental jurisdiction over plaintiffs' state law claims because they
originate from the same controversy as their sufficiently pleaded CERCLA
claims; (5) plaintiffs' claims under Navigation Law §§ 176 and 181 are
sufficiently pleaded and are not preempted; (6) Honeywell's argument that
plaintiffs are not faultless owners fails because RACER are not successors to
the environmental liabilities at issue; (7) it is premature to conclude that
plaintiffs' common law negligence and public nuisance claims are preempted
by CERCLA; (8) plaintiffs' common law claims for negligence and public
nuisance are not time-barred; (9) plaintiffs' common law negligence claim is
plausibly alleged because Honeywell owns adjacent land and property
relevant to the issue; and 10) plaintiffs' claim for declaratory relief should be

permitted to proceed unless and until all other claims under federal and state law are either dismissed or rejected. Pls.' Opp'n, Dkt. No. 515 at 5–25.

Upon review, Honeywell's motion to dismiss will be denied because plaintiffs' operative complaint has plausibly alleged claims that would give rise to relief under the governing law. In fact, a review of the parties' briefing reveals that these arguments implicate questions of fact that are better left to the discovery process. The same is true of about the viability of plaintiff's state-law claims: it depends upon the resolution of factual issues related to the CERCLA claims. In short, the Court is satisfied that plaintiffs have plausibly alleged each of the causes of actions that remain asserted in the operative pleading. As to Honeywell's request to convert this motion to dismiss into a motion for summary judgment, there are still outstanding issues of fact that preclude a determination of this issue even if the Court were to consider extraneous evidence. Accordingly, Honeywell's motion to dismiss will be denied.

### 4. **Western Electric**

Western Electric has moved to dismiss. Western Electric Mem., Dkt. No. 456-1. In particular, Western Electric argues that (1) RACER has failed to plausibly allege owner-and-operator liability under CERCLA; (2) plaintiffs have failed to establish Western Electric's liability for cost recovery or contribution under New York's Navigation Law §§ 181 and 176; (3) plaintiffs

have failed to state plausible common law claims for negligence, public nuisance, restitution, and/or indemnification; (4) plaintiffs' common law negligence and public nuisance claims are time-barred; and (5) plaintiffs' request for declaratory relief cannot serve as an independent cause of action. Western Electric Mem. at 6–18.

In opposition, RACER contends that (1) plaintiffs have pleaded sufficient factual allegations that Western Electric discharged or released hazardous substances and other contaminants into the expanded territory; (2) plaintiffs have plausibly alleged claims under New York's Navigation Law by alleging facts that Western Electric, *inter alia¸* discharged petroleum into New York waters and engaged in operations involving PCB oils; (3) plaintiffs have plausibly alleged their common law claims against Western Electric; and (4) plaintiffs' common law negligence and public nuisance claims against Western Electric are not time-barred. Pls.' Opp'n, Dkt. No. 518 at 4–10.

Upon review, Western Electric's motion to dismiss will be denied because plaintiffs' operative complaint has plausibly alleged claims that would give rise to relief under the governing law. In fact, a review of the parties' briefing reveals that these arguments implicate questions of fact that are better left to the discovery process. The same is true of about the viability of plaintiff's state-law claims: it depends upon the resolution of factual issues related to the CERCLA claims. In short, the Court is satisfied that plaintiffs have

plausibly alleged each of the causes of actions that remain asserted in the operative pleading. Accordingly, Western Electric's motion to dismiss will be denied.

### 5. **Nokia**

Nokia has moved to dismiss. Nokia Mem., Dkt. No. 457-1 at 10–20. Specifically, Nokia argues that (1) RACER has failed to plausibly allege that Nokia violated CERCLA because plaintiffs have not demonstrated Nokia owned or operated any facility at which relevant hazardous substances were disposed; (2) plaintiffs have failed to state plausible claims for cost recovery or contribution under New York's Navigation Law because they have failed to plausibly allege that Nokia discharged petroleum; (3) plaintiffs' common law claims for negligence, public nuisance, restitution, and indemnification all fail because they have not plausibly alleged that Nokia was involved in any activities which would entitle plaintiffs to relief; (4) if Nokia were to bear any successor liability, it would only have assumed the successor liability of Western Electric, which has demonstrated in its own motion papers that Western Electric bears no CERCLA liability to plaintiffs; (5) plaintiffs' common law public nuisance and negligence claims are time-barred; and (6) plaintiffs' claim for declaratory relief is not an independent cause of action. Nokia Mem. at 6–16.

In opposition, RACER contends that (1) plaintiffs have sufficiently pleaded factual allegations to support claims under CERCLA §§ 107 and 113 because they have demonstrated that Western Electric discharged pollutants in the expanded territory and that Nokia has assumed liability for Western Electric's operations; (2) plaintiffs have plausibly alleged that Nokia is liable under the Navigation Law by pleading with particularity that Western Electric discharged contaminants into the expanded territory; (3) plaintiffs' common law claims for negligence, nuisance, restitution, and indemnification are plausible because they have established their standing as an affected party and Western Electric's contribution to the contamination; and (4) their negligence and public nuisance claims are not time-barred.  Pls.' Opp'n, Dkt. No. 516 at 4–12.

Upon review, Nokia's motion to dismiss will be denied because plaintiffs' operative complaint has plausibly alleged claims that would give rise to relief under the governing law.  In fact, a review of the parties' briefing reveals that these arguments implicate questions of fact that are better left to the discovery process.  The same is true of about the viability of plaintiff's state-law claims: it depends upon the resolution of factual issues related to the CERCLA claims.  In short, the Court is satisfied that plaintiffs have plausibly alleged each of the causes of actions that remain asserted in the operative pleading.  Accordingly, Nokia's motion to dismiss will be denied.

### 6. **Thompson Defendants**

The Thompson Defendants have moved to dismiss. Thompson Defendants Mem., Dkt. No. 470-4 at 5–15. In particular, the Thompson Defendants argue that (1) the Second Circuit has limited potential liability for the contamination at issue to two theories, which means this Court is bound to focus solely on these two theories; (2) as a result, under the available theories, plaintiffs have not plausibly alleged any CERCLA claims against the Thompson Defendants; (3) plaintiffs have failed to plausibly allege CERCLA or New York Navigation Law claims against the Thompson Defendants because they neither allege that the Thompson Defendants hold title to real property anywhere a CERCLA release or Navigation Law discharge is occurring nor that the Thompson Defendants disposed of hazardous substances at any time during past ownership of relevant real property; (4) the argument that the Thompson Defendants are liable under CERCLA or New York Navigation Law for a 2015 petroleum spill from their property fails because plaintiffs concede that the spill was the result of *vandalism*; (5) that plaintiffs' common law contribution claims are duplicative of their CERCLA contribution claims; and (6) plaintiffs' common law negligence and public nuisance claims are time-barred. Thompson Defendants Mem. at 5–13.

In opposition, RACER contends that (1) the Second Circuit's Mandate did not restrict plaintiffs' claims to the transportation of hazardous substances under two theories of liability and the Thompson Defendants assertion to the contrary is inaccurate and oversimplified; (2) plaintiffs have plausibly alleged that the Thompson Defendants violated CERCLA because they bear potential liability as an owner or operator; (3) the Thompson Defendants cannot assert they are "faultless owners" as an affirmative defense to plaintiffs' CERCLA claims; (4) *vandalism* or *sabotage* is not a valid defense under CERCLA; (5) a preemption finding would be premature at this juncture; and (6) plaintiffs' common law negligence and nuisance claims are not time-barred under the "two-injury rule." Pls. Opp'n, Dkt. No. 517, 7–17.

Upon review, the Thompson Defendants' motion to dismiss will be denied because plaintiffs' operative complaint has plausibly alleged claims that would give rise to relief under the governing law. In fact, a review of the parties' briefing reveals that these arguments implicate questions of fact that are better left to the discovery process. The same is true of about the viability of plaintiff's state-law claims: it depends upon the resolution of factual issues related to the CERCLA claims. In short, the Court is satisfied that plaintiffs have plausibly alleged each of the causes of actions that remain asserted in the operative pleading. Accordingly, the Thompson Defendants' motion to dismiss will be denied.

## B.  Plaintiffs' Motion for Default Judgment

As noted *supra*, RACER has moved for default judgment against non-appearing defendant United States Hoffman Machinery Corporation.  Pl's. Mot. for Default Judgment, Dkt. No. 543 at 1–2.  Plaintiffs seek a default judgment on the issue of <u>liability</u> under § 107(a), the cost recovery provision of CERCLA, "relating to environmental contamination at OU-2 and the Expanded Territories in Syracuse, New York[,] identified in the Second Amendment Complaint dated November 17, 2021."  Pl's. Prop. Order for Default Judgment, Dkt. No. 543-6 at 1–2.

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment against a defaulting party.  FED. R. CIV. P. 55(a)–(b).  The first step is to obtain an entry of default from the Clerk of the Court.  FED. R. CIV. P. 55(a).  The second step is to seek a default judgment, which must ordinarily be reviewed by the court unless the claim is for a sum certain.  FED. R. CIV. P. 55(b)(1)–(2).

"[A] party's default is deemed an admission of all well pleaded allegations of liability."  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).  But it is not an admission of damages.  *Id*.  And "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions

of law." *LaBarbera v. ASTC Lab'ys Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (cleaned up).

Upon review, RACER's motion for default judgment against United States Hoffman Machinery Corporation must be granted as to the issue of <u>liability</u>. However, plaintiffs have not sought default judgment as to damages, and the presently available submissions would be an insufficient basis on which to award them. *See, e.g.*, *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 90 (E.D.N.Y. 2020) (noting damages must be supported with "an adequate basis" and be ascertained "with reasonable certainty"); *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contr., Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (explaining damages can be substantiated based on evidence at a hearing or upon detailed review of affidavits and documentary evidence). Further proceedings, such as an evidentiary hearing or inquest on damages, against this defaulting defendant will be stayed pending resolution of plaintiffs' claims.[5] Accordingly, plaintiffs' motion for default judgment will be granted as to liability.

## C. **Plaintiffs' Motion to Dismiss**

As a final matter, RACER has moved to dismiss eight defendants: (1) New Process Gear Corporation; (2) Old Carco Liquidation Trust; (3) Old Carco,

---

[5] RACER has not sought the entry of partial final judgment under FRCP 54(b) and therefore the Clerk will not be directed to enter a judgment at this time.

LLC formerly known as Chrysler, LLC; (4) Old Electric, Inc.; (5) Burko

Corporation; (6) Empire Pipeline Corporation; (7) Fulton Iron & Steel Co.;

and (8) Aleris Partners, LLC.  Dkt. No. 546.

Rule 41 of the Federal Rules of Civil Procedure governs the voluntary

dismissal of actions.  As relevant here, "an action may be dismissed at the

plaintiff's request . . . on terms that the court considers proper."  FED. R. CIV.

P. 41(a)(2).  None of the eight defendants have opposed plaintiffs' request for

dismissal or otherwise responded to plaintiffs' motion.  Accordingly, plaintiffs'

motion to dismiss these defendants will be granted.

## IV. CONCLUSION

Therefore, it is

ORDERED that

1.  Defendant Verizon's motion to dismiss plaintiffs' second amended

complaint (Dkt. No. 443) is DENIED;

2.  Defendant B&B Family's motion to dismiss plaintiffs' second amended

complaint (Dkt. No. 452) is DENIED;

3.  Defendant Honeywell's motion to dismiss plaintiffs' second amended

complaint (Dkt. No. 454) is DENIED;

4.  Defendant Western Electric's motion to dismiss plaintiffs' second

amended complaint (Dkt. No. 456) is DENIED;

5.  Defendant Nokia's motion to dismiss plaintiffs' second amended complaint (Dkt. No. 457) is DENIED;

6.  Thompson Defendants' motion to dismiss plaintiffs' second amended complaint (Dkt. No. 470) is DENIED;

7.  Plaintiffs' motion for default judgment against United States Hoffman Machinery Corporation (Dkt. No. 543) is GRANTED as to the issue of liability; and

8.  Plaintiffs' motion to dismiss certain non-appearing defendants with prejudice (Dkt. No. 546) is GRANTED; and

9. The moving defendants (Dkt. Nos. 443, 452, 454, 456, 457, 470) are directed to file and serve an ANSWER to plaintiffs' second amended complaint on or before December 6, 2024.

The Clerk of the Court is directed to terminate the pending motions, set an answer deadline, and terminate the dismissed defendants in Dkt. No. 546.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  November 22, 2024
          Utica, New York.